IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PENNINGTON SEED INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 04-4194-CV-C-SOW |
| | ) | |
| PRODUCE EXCHANGE NO. 299, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court are defendants Gary C. George's, B. Alan Sugg's, John A. White's, and

Charles P. West's Motion to Dismiss (Doc. #54) with Suggestions in Support, plaintiffs'

Suggestions in Opposition, and defendants' Reply.  For the reasons stated below, defendants'

motion is granted.

Also before the Court are plaintiffs' Motion for Rule 54(b) Certification as to Defendant

University of Arkansas (Doc. #66) and former defendant University of Arkansas' Suggestions in

Opposition.  This motion is denied for the reasons stated below.

I.  Background

Previously, plaintiffs named the University of Arkansas as a defendant in this case.  The

Court granted a motion to dismiss filed by the University of Arkansas, finding that the University

of Arkansas was immune from liability on the claims asserted by the plaintiffs based upon the

Eleventh Amendment to the United States Constitution.

Thereafter, plaintiffs sought and received leave to file an Amended Complaint.  In

Plaintiffs' First Amended Complaint, plaintiffs named as additional defendants Gary C. George,

the Chairman of the Board of Trustees of the University of Arkansas; B. Alan Sugg, the President

of the University of Arkansas; John A. White, the Chancellor of the University of Arkansas,

Fayetteville; and Charles P. West, a tenured professor in the Crop, Soil, and Environmental

Sciences Department of the Dale Bumpers College of Agricultural, Food and Life Sciences of the

University of Arkansas, Fayetteville.  Plaintiffs' First Amended Complaint treats these four

individual defendants as one and the same, failing to set forth the alleged acts taken by each

individual defendant.

In Count I, plaintiffs allege that *all* defendants committed patent infringement.  In Count

II, plaintiffs allege that defendants George, Sugg, White, and West deprived, and continue to

deprive, plaintiffs of the "exclusive federal patent rights under the '170 patent by making, using,

selling, and marketing the '170 patent without authorization."  Count III claims that *all*

defendants have "converted the patented technology to their own use without permission" and

are thereby responsible for conversion.  Although Count II specifies that defendants George,

Sugg, White, and West are being sued in their official capacities, plaintiffs' First Amended

Complaint fails to state whether Counts I and III are being asserted against these defendants in

their official or individual capacities.  As a result, the Court must treat the claims in Counts I and

III as official-capacity claims.  Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.

1999).

The First Amended Complaint filed by plaintiffs seeks money damages (in an amount no

less than "a reasonable royalty," pre- and post-judgment interest, attorneys' fees, costs, treble

damages, compensatory damages, and punitive damages), declaratory relief, and injunctive relief

against defendants George, Sugg, White, and West.  Defendants George, Sugg, White, and West

2

are citizens of the State of Arkansas.  These defendants move to dismiss plaintiffs' First

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(2), and (b)(3).

## II.  Standard

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court must review the complaint "in a light most favorable to the plaintiff and [it] should not

be dismissed merely because the court doubts that a plaintiff will be able to prove all of the

necessary factual allegations."  Krentz v. Robinson Fire Protection Dist., 228 F.3d 897, 905 (8th

Cir. 2000).

## III.  Discussion

A.      Eleventh Amendment Immunity

Defendants George, Sugg, White and West argue that the Eleventh Amendment prohibits

plaintiffs' official-capacity claims against them.  The Eleventh Amendment "prohibits federal-

court lawsuits seeking ***monetary damages*** from individual state officers in their official

capacities because such lawsuits are essentially 'for the recovery of money from the state.'"

Treleven v. University of Minn., 73 F.3d 816, 818 (8th Cir. 1996)(quoting Ford Motor Co. v.

Department of Treasury, 323 U.S. 459, 464 (1945))(emphasis added).

In response, plaintiffs suggest that their claims against George, Sugg, White, and West

are brought pursuant to the doctrine of *Ex parte Young*[1] which declares that "a suit can be

brought in federal court against officials in their official capacity for prospective injunctive relief

to which any state expenditures are merely ancillary."  Dover Elevator Co. v. Arkansas State

Univ., 64 F.3d 442, 447 (8th Cir. 1995)(citing Pennhurst State Sch. & Hosp. v. Halderman, 465

---

[1]209 U.S. 123 (1908).

U.S. 89, 101, 104 S. Ct. 900, 908 (1984)). Defendants George, Sugg, White, and West note that plaintiffs have sought monetary damages against them for each count in the First Amended Complaint. Although plaintiffs do not expressly acknowledge that they cannot recover monetary damages from defendants George, Sugg, White, and West, plaintiffs' brief appears to recognize that plaintiffs are limited to injunctive relief against these defendants.

Defendants George, Sugg, White, and West claim that plaintiffs have failed to allege facts establishing the availability of prospective relief under the doctrine of *Ex parte Young*. There are two instances where *Ex parte Young* may establish jurisdiction over an entity otherwise entitled to qualified immunity. The first is when "no state forum [is] available to vindicate federal interests." Xechem Int'l, Inc. v. University of Tex. M.D. Anderson Cancer Ctr., 382 F.3d 1324 (Fed. Cir. 2004)(quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270 (1997)). The second is "when the case calls for the interpretation of federal law." Id.

Plaintiffs assert that no state forum exists to properly address plaintiffs' patent infringement claims due to the complete preemption of jurisdiction for state courts to hear patent cases. Federal district courts have original jurisdiction exclusive of the states for cases arising under the patent laws. 28 U.S.C. §1338. Defendants George, Sugg, White, and West argue that plaintiffs have failed to establish the inadequacy of state law remedies; however, plaintiffs have demonstrated that the Arkansas State Claims Commission is "incompetent to levy the injunctive relief that is necessary to prevent further infringement by the University Defendants." The Arkansas State Claims Commission "can make only monetary awards." Bumgarner v. Bloodworth, 738 F.2d 966, 968 (8th Cir. 1984); Ark. Claims Comm'n R. 1.5(e), 2.1 (requiring demand for monetary damages in complaint). Plaintiffs have satisfied the Court that no state

4

forum exists to vindicate plaintiffs' federal interests. Therefore, the Court need not address plaintiffs' alternative argument that the nature of this case will necessarily require the interpretation of federal law.

Next, defendants George, Sugg, White, and West contend that plaintiffs have failed to allege facts establishing a causal connection between each defendant and each count in the First Amended Complaint as required to obtain relief under *Ex parte Young.* Under *Ex parte Young*, a party may seek prospective injunctive relief against a government official provided that a connection exists between that official and the enforcement or threatened enforcement of an act. 209 U.S. 123, 155-56 (1908).

In plaintiffs' Suggestions in Opposition to Defendants' Motion to Dismiss, plaintiffs assert that "University Defendants George, Sugg and White are expressly charged [under University of Arkansas policies] with responsibilities relating to the disposition of intellectual property purportedly created by other University employees," and as such are "proper parties" to this suit. This is merely an assertion by plaintiffs' counsel without any factual support. Plaintiffs argue that, due to their University positions, George, White, and Sugg, are "directly responsible for supervising intellectual property activity" and thereby liable for all counts in the First Amended Complaint. There are no such allegations contained within the First Amended Complaint and the unsupported assertion by plaintiffs' counsel does not carry any weight with this Court. Plaintiffs have failed to demonstrate that there is any causal connection between defendants George, Sugg, and White and the alleged infringement or conversion of plaintiffs' patent rights.

In addition, defendants George, Sugg, White, and West challenge plaintiffs' Section 1983

5

claim as being barred. In <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66-67 (1989), the United States Supreme Court held that a state official acting in his or her official capacity is not a "person" within the meaning of Section 1983. As plaintiffs have sued defendants George, Sugg, White, and West only in their official capacities, plaintiffs Section 1983 claim fails.

For the reasons stated above, all of plaintiffs' claims against defendants George, Sugg, and White are dismissed. Plaintiffs' Section 1983 claim is dismissed against defendant West. Plaintiffs' relief against defendant West on plaintiffs' remaining claims is limited to prospective injunctive relief only.

B.     <u>Personal Jurisdiction</u>

In reviewing a challenge based on lack of personal jurisdiction, this Court must treat the allegations in the Complaint in a light most favorable to plaintiffs. <u>Sun World Lines, Ltd. v. March Shipping Corp.</u>, 585 F. Supp. 580, 582 (E.D. Mo. 1984), *aff'd*, 801 F.2d 1066 (8th Cir. 1986). "The party seeking to invoke the jurisdiction of the federal court bears the burden to establish that jurisdiction exists." <u>May Dep't Stores Co. v. Wilansky</u>, 900 F. Supp. 1154, 1159 (E.D. Mo. 1995)(citations omitted).

Defendants George, Sugg, White, and West argue that this Court lacks *in personam* jurisdiction over each of them. Defendants claim that plaintiffs have failed to allege any facts demonstrating personal jurisdiction over George, Sugg, White, and West.

Since subject matter jurisdiction in this case is premised upon a federal question, personal jurisdiction exists for non-resident defendants only if plaintiff can establish that the Missouri long-arm statute applies and that the non-resident defendants have sufficient minimum contacts with the State of Missouri to satisfy procedural due process. <u>Enterprise Rent-A-Car Co. v. U-</u>

6

<u>Haul Int'l, Inc.</u>, 327 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004).  The Missouri long-arm statute

applies to "causes of action arising from the doing of any" of the following acts "within" the

State of Missouri:

> (1)     The transaction of business;
>
> (2)     The making of any contract;
>
> (3)     The commission of a tortious act;
>
> (4)     The ownership, use, or possession of any real estate
>
>            (situated in Missouri); and
>
> (5)     The contracting to insure any person, property or risk in
>
>            Missouri at the time of contracting.

Mo. Rev. Stat. §506.500 (2004).  This provision also states that only "causes of action arising

from" the acts enumerated in the statute "may be asserted against a defendant in an action in

which jurisdiction over him is based upon this section."  <u>Id</u>. §506.500.3.

Plaintiffs' First Amended Complaint lacks any allegations that any of the non-resident

individual defendants, either in their official or individual capacities, engaged in any conduct

within Missouri or any conduct that would fall within the scope of any one of the enumerated

categories set forth in the statute.  The First Amended Complaint does not allege that any of the

individual defendants did anything within Missouri.  Therefore, George, Sugg, White, and West

argue that plaintiffs' claims against them should be dismissed based upon lack of personal

jurisdiction.

In response to this argument, plaintiffs have failed to identify contacts by George, Sugg,

White, and West that would satisfy the Missouri long-arm statute.  The Court finds that it does

7

not have *in personam* jurisdiction over George, Sugg, White, or West.

Therefore, the claims in plaintiffs' First Amended Complaint must be dismissed.

C.     Plaintiffs' Motion for Rule 54(b) Certification

As all of the named defendants in this case have been dismissed either by stipulation of

the parties or by Order of the Court, there is no need for plaintiffs to take an interlocutory appeal.

Therefore, plaintiffs' motion is denied.

IV.  Conclusion

For the reasons stated above, it is hereby

ORDERED that defendants Gary C. George's, B. Alan Sugg's, John A. White's, and

Charles P. West's Motion to Dismiss (Doc. #54) is granted.  It is further

ORDERED that plaintiffs' Motion for Rule 54(b) Certification as to Defendant

University of Arkansas (Doc. #66) is denied.  It is further

ORDERED that the Clerk of the Court shall enter final judgment at this time.


                                        /s/Scott O. Wright
                                        SCOTT O. WRIGHT
                                        Senior United States District Judge

Dated: 6-1-05